No. 3105

Second Circuit

---

MASON v. RUFFIN

---

(November 7, 1930.  Opinion and Decree.)
(December 23, 1930.  Rehearing Refused.)
(February 2, 1931.  Writs of Certiorari and
Review Refused by Supreme Court.)

---

Craig, Bolin & Magee, of Mansfield, attorneys for plaintiff, appellant.

Parsons & Colvin, of Mansfield, attorneys for defendant, appellee.

DREW, J.  Plaintiff sued for $239, alleging same to be a balance due on thirty-four head of steers and one cow sold to the defendant in December, 1926.

Defendant denies any indebtedness to plaintiff, alleging that he has paid all that he contracted and agreed to pay for the said steers and cow, and further alleges that plaintiff had agreed to sell him a total of one hundred steers; that after delivering thirty-four head, plaintiff refused to deliver the remaining sixty-six steers;

and that by reason of his failure has caused defendant damage in the sum of $1046.10, profits he would have realized in the resale of the said steers, and the further sum of $145.40, cost of feeding the thirty-four head of steers for thirty days. In reconvention, he prays for judgment in the above stated amounts against plaintiff.

The trial in the lower court resulted in judgment rejecting the demands of plaintiff and in favor of the defendant in reconvention in the sum of $430.80, together with interest and costs. From this judgment the plaintiff has appealed and defendant has answered the appeal praying that the judgment granted to him be increased to the amount prayed for in the original pleadings.

The disagreement between plaintiff and defendant arose over the classification and the price of the steers and the number of steers sold or agreed to be sold. As to the thirty-four steers delivered, plaintiff claims as follows:

| | | | |
|---|---|---|---|
| 28 steers | $37 each | $1036 | |
| 4 2-year-old steers | 20 each | 80 | |
| 2 stags | 20 each | 40 | |
| 1 cow | 25 | 25 | |
| | | $1181 | |
| Less amount paid | | 942 | |
| Balance claimed | | $ 239 | |

Defendant claims the trade was as follows:

| | | | |
|---|---|---|---|
| 13 old steers | $37 each | $481 | |
| 8 4-year old steers | 22 each | 176 | |
| 13 2 and 3-year-old steers and stags | 22 each | 260 | |
| | | 917 | |
| 1 cow | 25 | 25 | |
| Total | | $942 | |

Plaintiff contends that the contract was agreed upon at a basis of $37 each for all steers, three years old and above, and a price of $20 each fixed for the two-year-old steers.

Defendant contends that the agreement was on three classes of steers: first, the old class of steers or oxen, at $37 each; second, smooth steers from four years old up to the oxen class, at $22; and the two and three-year-old steers and stags at $20 each.

There is no dispute over the price of the one cow.

The testimony on these contentions is very conflicting and the credibility of the witnesses would have much effect on the decision. The judge of the lower court heard and saw the witnesses testify and was better qualified to pass on their credibility than we are. He found the facts to be with the defendant, holding that the trade contemplated three classes of steers at the price contended by defendant, and rejected the demand of the plaintiff. We are not disposed to disturb his finding in that respect.

Defendant in reconvention claims that he purchased, or plaintiff agreed to sell and deliver to him, all the steers that he owned, and fixed a minimum number of one hundred to be delivered. He contends further that he had agreed to sell the same steers for a price of five cents per pound, all around, and that by failure of the plaintiff to deliver the remaining sixty-six steers, he was damaged in the amount prayed for. He bases his damage on the average profit he made on the thirty-four steers delivered.

The lower court held that defendant had purchased or agreed to purchase one hundred steers; that there was no specific number of each grade fixed in the contract; and that plaintiff could have delivered sixty-six of the smallest class, that is, two and three-year-old steers, and complied with the contract. He fixed the average weight of the two and three-year-old steers at 600 pounds each and awarded judgment on that basis. The claim for the cost of feeding the steers for thirty days was rejected for the reason that it was shown that defendant would have had to keep the steers at least that long in order to free them of ticks before the sale he had made could be consummated. The holding as to the feeding of the steers for thirty days is, we think, correct, but we cannot agree with the holding of the lower court in awarding damages to the defendant.

The number of steers to be delivered was never agreed upon by the parties. After the price and classification had been agreed upon, the plaintiff was asked by defendant how many steers he had, to which he replied, "125 or 150, I think, scattered here and yonder, and I want to sell them all at that price"; and defendant replied, "I will take them all."

Defendant testified that he understood that plaintiff wanted to sell all he had and go out of the cattle business and that he intended buying all that he had, and the only evidence regarding 100 head of steers is that defendant says he wrote on the check he gave to plaintiff at the time of the trade, "dep. on one hundred head of cattle." The check was for $500. He does not contend that he ever mentioned 100 head of cattle to plaintiff or that there was any discussion about 100 head of steers. Plaintiff contends that if anything was written on the check he received, that he did not see it, and that if he had seen it, he would not have accepted it. The check was introduced in evidence and if any such writing was ever on it, it had been erased. There is some evidence by the cashier of the bank that the check bore evidence of such erasure. It is clear to the court that the plaintiff intended selling to defendant all the steers he owned, whatever the amount may have been, and that defendant intended to buy all the steers owned by the plaintiff; that neither the plaintiff nor defendant knew at that time how many plaintiff owned, and the number to be sold, together with the price to be paid, was to be fixed on delivery of the steers as plaintiff could locate them and deliver them. There was never any trade for exactly 100 head of steers. It was for all the steers plaintiff had that he could get up and deliver to defendant, whether it was fifty, seventy-five or one hundred and fifty.

Article 1798 of the Revised Civil Code reads:

"As there must be two parties at least to every contract, so there must be something proposed by one and accepted and agreed to by another to form the matter of such contract: the will of both parties must unite on the same point."

Article 1805 of the Revised Civil Code:

"The acceptance to form a contract must be in all things conformable to the offer; any condition or limitation contained in the acceptance of that which formed the matter of the offer, gives him who makes the offer, the right to withdraw it."

Plaintiff offered to sell all the steers he owned, estimating the number at 125 or

150, and defendant agreed to buy 100. Until the offer of defendant was accepted by the plaintiff, it was not a binding contract, and to hold that plaintiff accepted the offer to buy 100 head, we would have to hold that the writing claimed by defendant to be on the check, "dep. one hundred head of cattle," was known to plaintiff and by his accepting the check with the notation on it, that he agreed to the offer to buy 100 head of cattle. The evidence does not justify such a holding. The plaintiff in reconvention must make out his case with the same certainty and specificness as the plaintiff in any other cause. We do not think he has done so in this case.

However, if we took the position of the judge of the lower court that there was an agreement for the delivery of 100 head of steers, we would be unable to award damages for the reason that the amount of damages is too uncertain and indefinite to justify any award. It is shown that there were three classes of steers contemplated, and the alleged contract does not specify how many of either class were to be delivered, neither does it specify what the weights of each class should be. He claims damage based on a sale of five cents per pound and there is no way of arriving at an accurate weight of the cattle alleged to have been bought. The lower court stated that the smaller class, which, if delivered, would have been a compliance with the contract, would average 600 pounds each. However, there is no evidence to justify such a finding. One witness places the weight of the two-year-olds, some at 500 pounds and some at 550. If plaintiff had delivered all sixty-six steers of the large classification, it is shown that their weights were from 1000 pounds to as high as 1472. If the defendant had sold the steers according to the same classification that he had agreed to buy them, there would have been something accurate by which to measure his damages, but he claims to have bought the steers by classification, so much for each classification, regardless of weight, and to have sold them by weight only, namely: five cents per pound all around. The only way that the court could arrive at the weight of the sixty-six steers, without proof of their weight, although they were all of the same classification, would be purely and simply by guess, and we are not authorized to do that.

All damages must be proved with legal certainty. Beck v. Fleitas, 37 La. Ann. 492. And it is elementary that the proof of damage must be as direct and positive in a reconventional demand as in a direct suit. If damages could be allowed in this case for breach of contract, the court is without right to fix the damages for the reason that the proof is too uncertain and indefinite as to amount. There is no way to arrive at the weight of the sixty-six head of steers to be delivered and no just or equitable way to estimate the weight.

Defendant relies on the case of Alexandria Cooperage & Lumber Company v. Duck Lumber Company et al., 153 La. 438, 96 So. 24. We do not think the facts in that case are in any way similar to the case before us and therefore it does not control.

It is therefore ordered, adjudged and decreed that the judgment of the lower court be amended by rejecting the demands of the defendant in reconvention, and, as amended, that the judgment be affirmed. Costs of appeal to be paid by appellee.